THE BRIDGETON NATIONAL BANK, PLAINTIFF, v. ELLAS Q. HEPNER, DEFENDANT.

Submitted May 11, 1927—Decided January 10, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the rule, *Frank S. McKee.*

*Contra, Walter H. Bacon.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This suit was instituted by the bank against Hepner to recover the amount alleged to be due upon a promissory note for $1,400, made by the latter to the order of the Kil-Tone Company on the 28th of January, 1926, payable three months after date, with interest, and endorsed by the payee to the bank. This note was delivered to the bank in renewal of an earlier one between the same parties, and which the bank held. It is not disputed that the bank was the holder of the orignal note before maturity and for value. The defense set up in the answer was that this original note was given to the Kil-Tone Company by Hepner in payment of stock of that company which he had been induced to buy by reason of false representations made by the Kil-Tone Company as to the value of the stock, coupled with a promise made by it to him that the note should not become valid or be negotiated or paid unless the stock for which it was given was resold by the company at a profit and for his account; and that the bank had notice of these facts. The bank in its reply to the answer denied having such notice. In this situation of the pleadings, the defendant, at the trial, attempted to prove the defense set up by him by showing that one Hitchner, the cashier of the plaintiff's bank (and who acted for it in discounting the note), was also the treasurer of the Kil-Tone Company, and that he had knowledge of the fraud perpetrated upon the defendant in inducing him to give the note, and participated in it; and that he also had knowledge of the promise of the Kil-Tone Company not to negotiate the note. It was contended that this testimony was evidential against the bank, for the reason that the cashier's knowledge was attributable to it, and was therefore destructive of its claim that it was a holder in due course, without knowledge of the defendant's right as against the Kil-Tone Company. This testimony was excluded by the court, upon the ground that the knowledge of Hitchner of the fraud perpetrated upon the defendant and his participation in it could not be attributed to the bank. No other testimony being offered by the defendant for the purpose of proving

knowledge by the bank of the existence of this fraud, the court directed the verdict for the plaintiff, and thereafter allowed the defendant a rule to show cause why a new trial should not be had.

The only ground submitted by defendant's counsel in support of the rule is that there was error in the exclusion of this testimony, the argument being that, as Hitchner, the cashier of the bank, acted for it in discounting the original note and afterwards in taking the renewal note, his knowledge of the fact relating to the giving of the original note was attributable to the bank itself.

The theory of defendant's counsel is that knowledge of the cashier of a bank who discounts a promissory note for the payee thereof, that such payee has induced the maker to sign it by fraudulent representations as to the value of the property for the purchase of which the note was given, and under a promise that it should not be negotiated and that payment thereof would not be enforced against him, is chargeable to the bank, because of the relationship existing between it and its cashier. This theory seems to have some support in other jurisdictions, but it is in the face of our own decisions. In *Sooy* v. *State*, 41 *N. J. L.* 394, it was held by the Court of Errors and Appeals that the knowledge of the agent is chargeable upon the principal only when the principal, if acting for himself, would have received notice of the matters known to the agent. This rule was later reiterated by the same court in *Vulcan Detinning Co.* v. *American Can Co.*, 72 *N. J. Eq.* 387, 400. In view of this rule of law, in order to justify us in holding that the action of the trial court in excluding the offered testimony was erroneous, we would be compelled to presume that, if the Kil-Tone Company had applied directly to the board of directors of the bank to discount the note in question, it would have disclosed to the board all the facts relating to the giving of that instrument of which it had knowledge. This, we feel, we would not be justified in doing, for common experience condemns any such presumption.

The rule to show cause will be discharged.